John H. Canfield v. Inman W. Conkling.

*Refusal to discharge mortgage on tender—Attorney fee.*

Where the discharge of a mortgage was sought on the ground that payment had been tendered, the court declined to consider the question of usury, but held that complainant must abide by his tender.

Where a mortgagee has taken no steps to entitle him to an attorney fee, if such a fee is recoverable at all, he is bound to accept such a tender as would be sufficient without it.

The court declined to impose the statutory penalty for refusing to discharge a mortgage on tender of the amount due or to order the cancellation of the lien, where the case was such that the mortgagee might in good faith have been mistaken as to what he had a right to exact.

Appeal from Ionia. Submitted and decided July 2.

BILL TO DISCHARGE the lien of a mortgage and compel the payment of the statutory penalty for refusal to discharge it on tender of the amount due. The bill was dismissed and complainant appealed.

*Wm. O. Webster* and *John Toan* for complainant. An attorney fee is not allowed where suit was unnecessary, *Alexandrie v. Saloy*, 14 La. An., 327, or where complainant conducts his suit himself, *Patterson v. Donner*, 48 Cal., 369; a mortgagee cannot make his acceptance of tender conditional, *Burnet v. Denniston*, 5 Johns. Ch., 35; *Kortright v. Cady*, 21 N. Y., 343; 2 Jones Mortgages, § 900.

*Wells & Morse* for defendant. Receipt of tender does not preclude the claim of more than the amount so paid, *Preston v. Grant*, 34 Vt., 201; *Miller v. Holden*, 18 Vt., 337; *Strong v. Harvey*, 3 Bing., 304; *Jennings v. Major*, 8 C. & P., 61; *Hastings v. Thorley*, 8 C. & P., 573; *Wells v. Robb*, 9 Bush, 32; *Storey v. Krewson*, 55 Ind., 397; *Wood v. Hitchcock*, 20 Wend., 48; *Draper v. Hitt*, 43 Vt., 439; *Sanford v. Bulkley*, 30 Conn., 349; *Sutton v. Hawkins*, 8 C. & P., 259; *Peacock v. Dickerson*, 2 C. & P., 51; *Mitchell v. King*, 6 C. & P., 237; *Bickle v. Beseke*, 23 Ind., 18; the validity of attorney's fees in mortgages was recognized in *Fry v. Russell*, 35 Mich., 231.

PER CURIAM. The tender in this case was large enough to meet all that was actually due, unless the attorney fee mentioned in the mortgage was recoverable. We are satisfied the mortgagee never meant to accept a tender of any less, and he had done nothing which entitled him to this fee (if it was recoverable at all) under the rules laid down heretofore and especially in *Myer v. Hart*, 40 Mich., 517. He was bound to accept the tender, and complainant had made out a sufficient case for relief. But the question was one on which he might be mistaken without any serious fault, and we do not think it one where the mortgage ought to be held cancelled without payment, nor is it a case calling for the statutory penalty for a willful and knowing wrongful refusal to discharge the mortgage. On the other hand we do not think it proper to inquire into the alleged usury in the debt. Complainant has seen fit to place his claims to relief on

a tender, and has kept this tender good and offered to pay it over at any time. We think he must keep to this offer and pay it. Defendant must discharge the mortgage on payment of the sum tendered less the costs of both courts, to which complainant is entitled, inasmuch as he made out a good case.