J. THOMAS AND PETER SMITH, *Partners as the Citizens' Bank*, v. E. A. REYNOLDS.

1. FINDING, *Not Set Aside.* Where on the trial of a civil action the court finds that a chattel mortgage has been fully paid and satisfied; and the testimony shows that the mortgage debt was $500; that the property was turned over to the mortgagees and by them sold for the sum of $1,040; that during the sales they paid the mortgagor $85; that afterward she brought suit against them to recover an alleged surplus in their hands; that while that suit was pending she demanded that they enter satisfaction of the mortgage; and that they agreed to pay her $4.50 and enter satisfaction, providing she dismissed her suit and not otherwise: *Held*, That the finding cannot be set aside as against the evidence, although there was no affirmative testimony as to the amount of the costs and expenses of the sales of the mortgaged property.

2. MORTGAGE; *Refusal to Enter Satisfaction; Penalty; Recovery.* Where a chattel mortgagor makes demand under ¿ 16 of chapter 68, Comp. Laws 1879, for a satisfaction of the mortgage, and the mortgagees agree to pay the mortgagor $4.50 and enter satisfaction, providing said mortgagor dismisses an action brought to recover an alleged surplus of money in the mortgagees' hands arising from the sale of the mortgaged property, and refuse otherwise to enter satisfaction, *held*, that the mortgagees cannot defeat an action brought to recover the penalty given by said section on the ground that the fees of the register of deeds for entering satisfaction had not been tendered.

3. STATUTORY PENALTY, *Nature of, and Right to.* The penalty recoverable under ¿ 8, chapter 68, Comp. Laws 1879, is given to the mortgagor, his *grantee*, or heirs. This indicates that the intention of the legislature was the removal of clouds upon title, rather than to furnish record evidence of the mortgagor's solvency in payment of his debts; and the right to the penalty is a right running with the land, and not a personal right

of the mortgagor. Sec. 16 of the same statute, referring to § 8, carries with it the same intention in respect to chattel mortgages, and as to them the right to the penalty follows the ownership of the property.

4. DEFECT OF PARTIES, *When Waived.* Where two persons are jointly entitled to the recovery of a penalty, and an action is brought by one alone, the defect of parties plaintiff is waived, unless raised by demurrer or answer. At least, this is true as to actions in the district court.

5. PENALTY, *Action for; Evidence.* Where a mortgage has been assigned, no action under the statute will lie to recover the penalty without proof of an assignment of record. The purpose of the statute being to clear the record, the defaulting party must have record title or his satisfaction will apparently be only an impertinent interference by a stranger.

### Error from Shawnee District Court.

ACTION by *Mrs. E. A. Reynolds* against *J. Thomas* and *Peter Smith*, partners as the Citizens' bank, to recover the penalty provided for in § 16, chapter 68, Compiled Laws of 1879. Trial by the court, at the January Term, 1882, and judgment for plaintiff. The defendants bring the case here. The opinion states the facts.

*Vance & Crumrine*, for plaintiffs in error.

*Z. T. Hazen*, and *S. B. Isenhart*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by defendant in error, plaintiff below, under § 16, chapter 68, Comp. Laws 1879, to recover the penalty of $100 for failure to enter satisfaction of a chattel mortgage. The case was tried by the court, without a jury, and judgment entered in favor of plaintiff for $100 and costs. The defendants, as plaintiffs in error, now bring the case to this court for review. A reversal of the judgment is claimed on four grounds.

I. It is insisted that the testimony fails to show that the mortgage was fully paid and satisfied. The facts are these: Plaintiff executed to the Citizens' bank a chattel mortgage. The defendants, as assignees, brought an action to foreclose said mortgage, and obtained a judgment for over $900 and a decree of foreclosure. They failed, however, to get possession

20—29 KAS.

of the property. The parties then made a new agreement, by which · the mortgagor was to turn over to the defendants all the mortgaged property; that the same was to be sold, and the defendants were to take $500 in ·full satisfaction of the note and mortgage. In pursuance of this, she did turn over to them all the property except one buggy. This property they sold, receiving $1,040 therefrom. While they were engaged in disposing of the property, they paid her $85. She brought an action against them to recover the surplus portion of the proceeds of the sales. While this action was pending, she demanded satisfaction of the mortgage. They offered to give her $4.50 and enter satisfaction, if she would dismiss such suit, but refused to enter satisfaction otherwise. She did not pretend to testify as to the costs and expenses incurred in making the sales. The only defendant who testified, said he did not know how much these costs and expenses were, and could not tell without an examination of his books. In short, there was no testimony as to the amount of costs and expenses. Now counsel argue that the defendants were entitled to receive $500 over and above the costs and expenses, and those costs and expenses being still an unknown quantity, it cannot be said that it was proved that the mortgage was fully paid and satisfied. On the other hand, plaintiff contends that defendants were themselves to pay all the costs and expenses, and to receive only $500 in gross in full satisfaction of the note and mortgage. We think it fair to say from the testimony, that the defendants were to receive $500 net, and over and above all the expenses of the sale. But still we think it equally fair to hold that the testimony showed that the mortgage debt, even with that construction of the contract, had been fully paid and satisfied, or at least that there was enough evidence to sustain the finding of payment. The amount received on the sales was $1,040 — $540 in excess of the amount to be received by the defendants. This is a circumstance of no inconsiderable weight. They paid her $85, pending the sales, and finally offered to give her $4.50 and enter satisfaction, if she would dismiss the cases against them.

With all this testimony and nothing contrary to lessen its full force, we think that in a civil action the finding of the court that the mortgage debt was fully paid was amply sustained.

II. It is insisted that the action cannot be sustained, because the plaintiff did not tender a satisfaction-piece already prepared for execution by the defendants, or tender the fees of the register for entering satisfaction. We think this claim also is not sustainable. It may be a question under the statute, whether the mortgagor is bound to prepare a satisfaction-piece, or tender the register fees. But even if as a general rule he is, the defendants waived their right to insist upon this, by placing their refusal to enter satisfaction upon other and different grounds. If they had simply declined to enter satisfaction without giving any reason therefor, then doubtless the question would be fairly before us as to which party must bear the expense of the satisfaction. But when they said nothing about the expense, placed their refusal upon one distinct ground, and proffered to enter satisfaction if that objection was removed, we think they cannot now be heard to say that there were other preliminary matters upon which they might have insisted.

III. Counsel insist that the plaintiff is not the party entitled to the benefit of this statute; and this question involves the construction of the language of the statute. It is insisted that the right to the penalty follows the property, and is not a personal right of the mortgagor; that the purpose of the statute is to remove clouds from the title to property, and not to furnish proof of the mortgagor's solvency by record evidence of the payment of his debts. To determine this question we must look at the statute. Sec. 16, upon which this action is based, reads as follows:

"When any mortgage of personal property shall have been fully paid or satisfied, it shall be the duty of the mortgagee, his assignee or personal representative, to enter satisfaction or cause satisfaction thereof to be entered of record, in the same manner, as near as may be, and under the same penalty, for a neglect or refusal, as provided in case of the satisfaction of mortgages of real estate."

This section refers us to § 8 of the same statute, which reads as follows:

"When any mortgage of real property shall have been satisfied, it shall be the duty of the mortgagee or his assignee, immediately on demand of the mortgagor, to enter satisfaction, or cause satisfaction of such mortgage to be entered, of record; and any mortgagee, or assignee of such mortgage, who shall neglect or refuse to enter satisfaction of such mortgage, as is provided by this act, shall be liable in damages to such mortgagor, or his grantee or heirs, in the sum of $100, to be recovered in a civil action before any court of competent jurisdiction."

By this it appears that the penalty goes to the mortgagor, or his grantee or heirs. It could not go to the grantee if it was a purely personal right of the mortgagor and was not a right running with the land. If it is a right running with the land, the purpose of the statute is obviously a protection to the land, and not the securing of a personal right of the mortgagor. In other words, the purpose of the statute is, as claimed by counsel for plaintiffs in error, to remove all clouds from the title of real estate, and not simply to furnish record evidence of the mortgagor's solvency, by proof that he has paid the particular debt secured. As against this, counsel for defendant in error cite the case of *Deeter v. Crosly*, 26 Iowa, 180, in which the supreme court of Iowa, by Chief Justice Dillon, uses this language:

"The object of the statute is obvious. The record of the mortgage is constructive notice to the world of the existence of the debt and incumbrance. When this is paid, the statute has provided for a satisfaction on the record, so that the world may also know the fact of payment. Unsatisfied mortgages of record tend to affect the pecuniary standing and credit of the mortgagor in business circles."

But this language is based upon the Iowa statute, (Revised Statutes of Iowa, § 3670,) which gives the right to the penalty solely to the mortgagor. We quote the last clause: "If he fails to do so within six months after being requested, he shall forfeit to the *mortgagor* the sum of $25." If the mortgagor is the party alone entitled to recover the penalty, his

rights are of course the only ones intended to be secured. by the statute; and in support of such a statute, the reasons given by Judge Dillon as above are entirely satisfactory. But when our legislature gives the right to the mortgagor, or his grantee, it seems to us that it intended, primarily, protection to the real estate and the clearing of the record of any incumbrances thereon. But, say counsel further, while this is the language of the section concerning real estate, § 16, concerning personal estate, contains no such language. But § 16 does not in terms say who is entitled to recover the penalty. It simply says that the defaulting mortgagee "shall be liable in the same manner, as near as may be, and under the same penalty" as in like defaulting mortgagee of real estate. We think this prescribes something more than the mere amount of the penalty. It indicates the circumstances under which the penalty is recoverable, and the party by whom it may be recovered. We therefore think a fair constructions of both sections is, that the penalty follows the property, and is recoverable by the owner thereof.

IV. But further, it appears from the testimony that only part of the mortgaged property was turned over to the mortgagees, and by them sold. A part remained with the mortgagor, and was unsold. Hence, contend counsel for defendant in error, that, conceding that the right to the penalty runs with the property, the mortgagor remaining the owner of part of the property is, at least jointly with the purchasers of the other part of the property, entitled to recover the penalty; and no defect of parties plaintiff having been suggested by either demurrer or answer, the same, under § 91 of the code, was waived. We think this answer satisfactory. As a part of the property was not sold, the right to the penalty was a joint right of the mortgagor, and the purchasers of the mortgaged property. If other parties should have been united with her as plaintiff, the defendants should have raised the question by demurrer or answer. Failing to do that, they waive the question, and rest their defense upon the simple right of recovery. At least, this is true where the action is

commenced in the district court. The rule may be different where, as here, the action is commenced before a justice of the peace and no bill of particulars is filed by or demanded of the defendant. (*German v. Ritchie*, 9 Kas. 106; *Sanford v. Shepard*, 14 Kas. 228.)

V. Finally, it is insisted that the plaintiffs in error were not the mortgagees, but simply the assignees; that there is no allegation or proof that there was ever an assignment placed on record; that therefore a satisfaction by the defendants would *prima facie* be irrelevant, and no release of the mortgage; that apparently it would be nothing but the impertinent interference of a stranger, and that unless it is shown that some assignment is recorded, something which vests the record title in the defendants, they cannot be held responsible for a failure to enter satisfaction. And in support of this, *Low v. Fox*, 56 Iowa, 221, is cited. We think this objection is good. The statute is a penal one. The object of the statute, as we have held in response to the argument of the defendant in error, is to clear the record title of the property. But to clear that record the parties satisfying must have record title. If not, their release and satisfaction clears nothing. It is apparently an impertinent interference. We think before a penal statute can be enforced for the default of a party, it must appear, not merely that he has failed to act, but also that the act which he has failed to do would accomplish the purpose intended by the statute. A satisfaction of a record by a stranger to a record clears no title, gives no notice. It stands as before the attempted satisfaction — a matter resting purely upon parol testimony. We think, therefore, on this ground that the district court erred in its judgment; and for this error the judgment must be reversed, and the case remanded for a new trial, and it is so ordered.

All the Justices concurring.