THOMAS JOYCE *et al.* v. THOMAS MEANS.

LIMITATION OF ACTION — *When Statute Applicable* — *Mortgages* — *Entry of Satisfaction.* Where a real-estate mortgage is executed and recorded, and is afterward paid and satisfied, and afterward and on several occasions the mortgagor demands that the mortgagee shall enter satisfaction of the mortgage of record, and the mortgagee fails to do so, and after more than one year from the time of making the first demand but within less than one year after making the last demand the mortgagor sues the mortgagee to recover the penalty provided for by § 8 of the act relating to mortgages, *held*, that the plaintiff's cause of action is given by and his action founded upon " a statute for a penalty," and his action not having been brought within one year after his cause of action accrued, it was barred by the provisions of the fourth subdivision of § 18 of the civil code before his action was commenced.

*Error from Doniphan District Court.*

THE opinion states the case. Judgment for defendant *Means*, at the December term, 1883. The plaintiffs bring the case here.

*Ryan & Woods,* for plaintiffs in error.

*L. F. Bird,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On March 24, 1874, the plaintiffs, Thomas Joyce and Mary Joyce, who were husband and wife, mortgaged certain real estate to the defendant, Thomas Means, and on December 19, 1874, the mortgage was duly recorded. In December, 1876, the mortgage indebtedness was duly paid and discharged, but the defendant failed to discharge the mortgage of record. About the month of December, 1880, the plaintiffs demanded of the defendant that he should discharge and release the mortgage of record, and the defendant agreed to do so, but still failed. The plaintiffs afterward and on several different occasions further requested the defendant to enter satisfaction of record of the mortgage, and at each time he agreed to do so, but has in all cases failed, and has never done

so. Afterward, but just when is not shown, the plaintiffs commenced this action to recover the penalty prescribed by § 8 of the act relating to mortgages. It appears, however, from the findings of the court below, that some of these demands were made more than one year prior and some of them within less than one year prior to the commencement of this action. Section 8 of the act relating to mortgages provides that where the mortgagee or his assignee shall, after satisfaction of the mortgage and after demand, fail to enter satisfaction of the mortgage of record or to cause the same to be done, the mortgagor or his grantee or heirs shall have a cause of action against such mortgagee or assignee to recover $100 as damages, and the defendant claims that the cause of action thus created and given is a statutory "penalty or forfeiture" within the meaning of the fourth subdivision of § 18 of the civil code, which provides that a party shall have only one year within which to commence "an action upon a statute for a penalty or forfeiture;" and therefore the defendant claims that the cause of action in the present case was barred before this action was commenced. The court below found and held that the plaintiff's cause of action was barred, and we think rightly. We think the action is for the recovery of a *penalty* given by statute, although the statute giving the action designates the thing to be recovered as damages. We have heretofore designated these damages as a penalty. (*Thomas v. Reynolds*, 29 Kas. 304; *Perkins v. Matteson*, 40 id. 165; same case, 19 Pac. Rep. 633; *Hall v. Hurd*, 40 Kas. 374; same case, 19 Pac. Rep. 802.) And such has always been the view of this court. This case was not only not commenced within one year after the mortgage debt was paid and satisfied, but it was not commenced within one year after the first demand was made by the plaintiffs that the defendant should enter or cause to be entered satisfaction of the mortgage of record. The plaintiffs, however, claim that as they subsequently made other demands, some of which were made within less than one year prior to the commencement of this action, they thereby, in some manner, prevented the statute of limitations from so

operating as to bar their present supposed cause of action; that they either created a new cause of action, or revived or resuscitated their former cause of action, or at least rejuvenated their old cause of action and by that means so extended its life that no statute of limitations has intervened to bar a recovery. We do not think that this view can be correct. A party can have only one cause of action under the statute or for the penalty prescribed by the statute, and as soon as that cause of action accrues or is brought into existence the statute of limitations certainly commences to run against it and continues to run unless the running thereof is prevented by something provided for by the statute itself, as disability on the part of the plaintiffs, or absence from the state on the part of the defendant, or some other thing. (See Civil Code, §§19, 21.) Nothing has intervened in this case to prevent the statute of limitations from running, or to suspend its operation.

The judgment of the court below will be affirmed.

All the Justices concurring.