J. A. COFFMAN *et al.* v. JAMES HILLARD.

CHATTEL MORTGAGE, *Failure to Satisfy—Penalty.* Under ¿ 3910 of the General Statutes of 1889, the right to the penalty of $100 for a failure to satisfy a chattel mortgage follows the ownership of the property, and the purchaser of the mortgaged property at the time the cause of action accrued is the proper party to bring a suit to recover such penalty.

*Error from Marion District Court.*

THE case is stated in the opinion. Judgment for plaintiff, *Hillard,* at the March term, 1888. The defendants, *Coffman* and others, come here.

*Keller & Dean,* for plaintiffs in error.

*C. W. Keller,* and *C. E. Malcomb,* for defendant in error.

Opinion by GREEN, C.: This action was commenced by the plaintiff in the court below, to recover the penalty of one hundred dollars, under § 3910 of the General Statutes of 1889, for the failure to satisfy a chattel mortgage. The case was tried in the district court of Marion county, by the court and a jury, and resulted in a verdict and judgment for the plaintiff, for one hundred dollars and costs. The defendants bring the case to this court for review.

The chattel mortgage in question was upon one hundred tons of hay in the stack, on section 27, township 17, range 4, in Marion county. The defense was: First, that the mortgage was never paid; and, second, that no demand for the satisfaction of the mortgage had ever been made upon the mortgagees before the suit was commenced. Upon the conclusion of the testimony upon the part of the plaintiff, the defendants below demurred to the evidence, assigning as ground for such demurrer that the evidence disclosed the fact that the plaintiff below was not the owner of the mortgaged property, and therefore not entitled to bring the action. The evidence upon the part of the plaintiff below disclosed the fact that a portion of the hay included in the mortgage had been sold to Coffman

and Mowrer, the plaintiffs in error, before the commencement of this suit; that the plaintiff had delivered all the hay they would accept, and the balance had been sold to another party, the last of September or the first of October, in 1887. This suit was commenced originally before a justice of the peace, on the first day of November following. Upon this state of facts, we think the demurrer should have been sustained. The law is settled by this court, that the right to the penalty, in cases under this statute, follows the property, and is recoverable by the owner. (*Thomas v. Reynolds*, 29 Kas. 304.)

The property having been sold, the plaintiff below had no further interest in it; and inasmuch as the protection given by the statute is primarily to the owner of the property, he is the proper party to bring the suit to recover the penalty. We think the court erred in overruling the demurrer to the evidence. The mortgaged property having all been disposed of before the suit was commenced, the mortgagor's rights, under the statute, had gone with the property, and the right to the penalty for a violation of the statute accrued to the purchaser of such mortgaged property. This view of the case renders it unnecessary for us to consider the other errors of which complaint is made.

We recommend that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.