GEORGE L. PARKHURST v. THE FIRST NATIONAL BANK OF CLYDE.

1. CASE, *Followed*. The case of *Thomas v. Reynolds*, 29 Kas. 304, followed.

2. USURY—*Penalty*. Where the maker of a promissory note has paid usurious interest to a national bank, and has recovered a judgment against the bank for twice the amount of the interest thus paid, he cannot, in an action for penalty against the bank for not satisfying a chattel mortgage given to secure the note, demand that the usurious interest paid by him shall be applied in satisfaction of the principal of the note.

3. MORTGAGE—*Failure to Discharge*. Where, in an action brought by the mortgagor against the mortgagee to recover the statutory penalty for refusing to enter satisfaction of the chattel mortgage, it is shown that there is a *bona fide* controversy between the mortgagor and mortgagee whether the chattel mortgage is paid or not, and it is further shown that the mortgagee refused in good faith to satisfy the mortgage because he believed it was not paid, *held*, that the mortgagee will not be liable for the penalty.

*Error from Cloud District Court.*

THIS was an action in the court below brought by *George L. Parkhurst* against *The First National Bank of Clyde* to recover the statutory penalty for neglecting and refusing to enter satisfaction of certain chattel mortgages. Trial before the court with a jury. Judgment for the defendant. The plaintiff brings the case here.

*Howard Hillis,* and *Kennett, Peck & Matson,* for plaintiff in error.

*Pulsifer & Alexander,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The principal questions in this case arise upon instructions given by the trial court.

I. The court instructed the jury, that before the plaintiff was entitled to recover, the mortgagee must be the defendant, or the defendant must be the assignee of the chattel mortgage by an assignment filed or recorded. This instruction follows the rule adopted in *Thomas v. Reynolds,* 29 Kas. 304. It was held in that case that

"Where a mortgage has been assigned, no action under the statute will lie to recover the penalty without proof of an assignment of record. The purpose of the statute being to clear the record, the defaulting party must have record title or his satisfaction will apparently be only an impertinent interference by a stranger." (See, also, *Coffman v. Hillard,* 44 Kas. 538.)

II. The instruction concerning usury or illegal interest, to the effect "that if the plaintiff intended to take advantage of the interest law, he should have so notified the defendant at the time; but if he did not do so then he cannot now," was not prejudicial, upon the evidence disclosed upon the trial. The defendant is a national bank, and it appears from the evidence of Parkhurst that, prior to the trial of this case, he had recovered judgment against the bank for twice the amount of interest paid by him. When a national bank makes a loan and stipulates in the note for usury, it can only recover the actual sum loaned, without interest; but if usurious interest is charged and collected, the person paying it may recover back twice the amount of the interest paid. This penalty must be enforced in the manner provided in the act of congress, and resort cannot be had to any other mode or form of procedure. (*National Bank v. Grimes,* 49 Kas. 219.) Parkhurst, having

recovered twice the amount of interest paid, cannot be allowed to apply the same interest in reduction of the debt secured by the chattel mortgages. As to waiver of usury by tender, see *Canfield v. Conkling,* 41 Mich. 371.

III. The trial court instructed the jury, that if the defendant, in refusing to release any of the mortgages, acted in good faith and upon the honest belief that the same had not been paid, the plaintiff was not entitled to recover the statutory penalty. This court has already decided that "the statute is a penal one." Gen. Stat. of 1889, ¶¶ 3892–3910; *Thomas v. Reynolds,* supra. In *Joyce v. Means,* 41 Kas. 234, VALENTINE, J., observed:

"The action is for the recovery of a penalty given by statute, although the statute giving the action designates the thing to be recovered as damages. We have heretofore designated these damages as a penalty. Such has always been the view of this court."

We think the trial court committed no error in giving this instruction. The weight of authority is, that if the mortgagee in good faith believes the mortgage is not paid, he is not liable for the penalty. ( *Wilber v. Pierce,* 22 N. W. Rep. (Mich.) 316; *Burrows v. Bangs,* 34 Mich. 304; *Myer v. Hart,* 40 id. 517; *Canfield v. Conkling,* supra; *Haubert v. Haworth,* 9 Phila. 123. If the mortgagee refuses to satisfy the mortgage from mere inadvertence, inattention, or indifference, the penalty may be incurred. To be relieved from the penalty, there must be a real controversy as to payment, and an honest doubt concerning the same on the part of the mortgagee.

IV. We have examined the other alleged errors, but, upon the record as presented, we do not think they are sufficiently important to require comment, and none of them compels a new trial.

The judgment of the district court will be affirmed.

All the Justices concurring.