D. B. Curd v. S. P. Bown *et al.*

No. 89.

1. Title Note— *Statutes Construed.* The claim for $100 damages and attorney's fee mentioned in paragraph 3892 of the General Statutes of 1889 does not become due upon a failure to enter satisfaction of a title or conditional-sale note described in paragraph 3916, *id.*

2. Penalty— *Who May Recover.* The right to recover the penalty provided for by paragraph 3892 of the General Statutes of 1889 is a right which runs with the property, and no one except the owner of the property can recover the penalty. (*Thomas v. Reynolds*, 29 Kan. 304; *Coffman v. Hillard*, 44 id. 538.)

Memorandum.— Error from Marion district court; Frank Doster, judge. Action by D. B. Curd against S. P. Bown and Richard Williams, partners as Bown & Williams, to recover a penalty for failure to enter of record satisfaction of a title note. Judgment for defendants. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed February 6, 1896, states the material facts.

*Keller & Dean,* for plaintiff in error.

*Doster & McLean,* for defendants in error.

*R. Williams,* for himself.

The opinion of the court was delivered by

Dennison, J.: This action was brought in a justice's court of the city of Marion, Marion county, Kansas, and in some manner, not shown by the transcript of the record, got into the district court. D. B. Curd filed a bill of particulars against the defendants, S. P. Bown and Richard Williams, which reads as follows (omitting caption):

"Plaintiff complains of the said defendants, who are partners under the firm name of Bown & Williams,

for that the plaintiff, on or about the 24th day of June, 1890, executed and delivered to said defendants his certain promissory note, due in 60 days after date thereof, for the sum of $25, the same being the balance due said defendants from the plaintiff on the purchase of a certain horse five years old, and in which note it was provided that the title to said horse should remain in said defendants until said note was paid in full. Said defendants immediately deposited said note in the office of the register of deeds in and for Marion county, Kansas, the same being the county wherein said horse was kept, and said note was entered as a chattel mortgage by said register in chattel mortgage record, book L, on page 34, on the 9th day of July, 1890. Afterward, and on the 27th day of August, 1890, the plaintiff demanded of said Bown & Williams that they enter, or cause to be entered, satisfaction of said note on the record of the same in the office of the register of deeds aforesaid, he, the plaintiff, having fully paid and satisfied said note on the 18th day of August, 1890 ; yet the said defendants refused and neglected and still refuse and neglect to enter satisfaction of said note and mortgage on said record, to the damage of the plaintiff in the sum of $100.

"Wherefore, plaintiff prays judgment against said defendants for $100 damages as aforesaid, and $25 as a reasonable attorney's fee for preparing and presenting this action."

In the district court the defendants filed a general demurrer to the bill of particulars, which was by the court sustained. The plaintiff excepted, and brings the case here for review. But two questions are raised in the briefs, viz. :

*First.* Does the claim for $100 damages and attorney's fee mentioned in paragraph 3892 of the General Statutes of 1889 become due upon a failure to enter satisfaction of a title or conditional-sale note described in paragraph 3916, *id?* Said paragraph 3916 was

passed in 1889. It was evidently intended to prevent secret liens. Its title is, "An act to regulate the recording of title notes or evidences of conditional sales." Section 1 of said act provides that such instruments shall be void as against innocent purchasers or creditors, unless the original instrument or a copy thereof shall be deposited in the office of the register of deeds in and for the county where the property is kept, and when so deposited shall be subject to the law applicable to the filing of chattel mortgages. The plaintiff in error claims that it must be held also to be subject to the law relating to the *satisfaction* of chattel mortgages. We cannot so hold. The act is sufficient to accomplish the end sought without this interpretation. It serves to prevent secret liens. To construe the law as contended by the plaintiff in error, we must not only supply the words "and satisfaction" to the law itself, but must also supply the same words to the title. Not only this, but we must add a penalty to the law as passed by the legislature. We cannot do this. If the legislature desires to add a penalty to this paragraph it may do so. It is the only power that can.

*Second.* Can the penalty provided for by paragraph 3892, *supra*, be recovered by any one except the owner of the property? The right to recover the penalty provided for by paragraph 3892 is a right which runs with the property, and no one except the owner of the property can recover the penalty. (*Thomas v. Reynolds*, 29 Kan. 304; *Coffman v. Hillard*, 44 id. 538.) The petition fails to allege that the plaintiff is the owner of the property. The demurrer was properly sustained.

We do not hold that the maker of the note or the owner of the property could not have recovered whatever damages he may have actually sustained by

reason of the refusal of the payees to enter satisfaction of the note. That question is not raised in this case. The judgment of the district court is affirmed.

All the Judges concurring.