## Deeter v. Crossley.

1. Mortgage: FAILURE TO ENTER SATISFACTION. Under section 3670 of the Revision, the penalty therein prescribed for a failure to enter satisfaction on the margin of the record, when the mortgage is paid, is incurred, if the mortgagee shall fail to enter satisfaction within six months after being requested so to do; and a subsequent entry of satisfaction, even if made before suit brought, will not avoid a recovery of the penalty by the mortgagor.

2. —— SATISFACTION MUST BE EXPRESS. The purpose of said section is answered only by an express satisfaction, and this requirement is not met by the mere recording of a subsequent deed, from the mortgagor to the mortgagee, of the premises mortgaged, containing no allusion to the mortgage. A conveyance by the mortgagor to the mortgagee, does not necessarily operate as a satisfaction of the mortgage.

*Appeal from Tama District Court.*

SATURDAY, DECEMBER 12.

MORTGAGE: ENTERING SATISFACTION. — Action, under section 3670 of the Revision, to recover of the defendant

the penalty therein provided, for failure, after request, to satisfy a mortgage made by plaintiff to defendant.

The District Court found the facts and the legal conclusions thereon as follows:

1. That, on December 11, 1858, plaintiff executed to defendant a mortgage to secure certain indebtedness, on land of plaintiff in Tama county, and said mortgage was, on December 14, 1858, duly filed for record and properly recorded in the proper records of said county.

2. That afterward, plaintiff fully paid and satisfied said mortgage, and conveyed said land to the defendant by deed of usual covenant, on December 26, 1859, part of the consideration for said purchase being the satisfaction and payment of said mortgage and indebtedness to said defendant.

3. That, after said mortgage had been so paid, plaintiff requested defendant to enter satisfaction of said mortgage on the margin of said record, and that defendant refused and neglected to comply with said request for more than six months after the same was made, and that he refused so to do for more than six months before the commencement of this suit.

4. That, after defendant had refused to enter satisfaction of said mortgage on the margin of the record thereof for more than six months, he then did make such entry of satisfaction, which satisfaction was before the commencement of this suit.

And the court, from the foregoing facts, finds, as a legal conclusion, that the conveyance of the land in question by plaintiff to defendant, by deed, subsequent to his mortgage thereon to defendant, operated as an extinguishment and satisfaction of plaintiff's mortgage, of record. And plaintiff cannot maintain this action against defendant for his refusal to make any other or further satisfaction of said mortgage than such as is afforded to him by

reason of his conveyance of said land to defendant as aforesaid.

And further, that satisfaction was actually entered on the margin of the record before this suit was brought.

Plaintiff appeals.

*Struble & Bradshaw* for the appellant.

*I. M. Preston & Son* for the appellee.

DILLON, Ch. J. — The section of the statute (Rev. § 3670) upon which this action is founded, provides, that,

**1. MORTGAGE: failure to enter satisfaction.** " whenever the amount due on any mortgage is paid off, the mortgagee, or those legally acting for him, must acknowledge satisfaction thereof in the margin of the record of the mortgage. If he fails to do so within six months after being requested, he shall forfeit to the mortgagor the sum of twenty-five dollars.

Under the statute it is the duty of the mortgagee " whenever the amount due on the mortgage is paid off, to acknowledge satisfaction thereof on the margin of the record of the mortgage." The duty to enter satisfaction arises as soon as the amount due is fully paid. Whenever the amount is fully paid, the mortgagee must enter the satisfaction of record. But the failure to discharge this duty, is not enforced by a penal sanction, until a request shall be made, and there shall be a failure for six months thereafter to comply therewith. The object of the statute is obvious. The record of the mortgage is constructive notice to the world of the existence of the debt and incumbrance. When this is paid, the statute has provided for a satisfaction on the record, so that the world may also know the fact of payment. Unsatisfied mortgages of record tend to affect the pecuniary standing and credit of the mortgagor in business circles. In view

of these considerations, the reasonableness of the statute requiring the mortgagee to acknowledge payment of the debt in as public a manner as the mortgagor had acknowledged its existence, is apparent.

The very frequent neglect of mortgagees upon receiving payment to satisfy mortgages of record, was the origin of the penalty provided by the section of the statute under consideration.

Under this section we hold that the penalty is incurred if the mortgagee shall fail "*within six months* after being requested" to enter the satisfaction.

Subsequent entry of satisfaction, even if entered before suit brought for the penalty, is no answer to a forfeiture which has been made complete by a failure for the space of six months to comply with the mortgagor's request.

We are, therefore, of opinion against the position assumed by the defendant's counsel, viz.: that actual cancellation of the record is a complete defense to the action even though, before suit was brought, the defendant had allowed six months or more to elapse, after request, without acknowledging satisfaction of the mortgage.

We cannot concur with the learned judge of the District Court in his opinion, that plaintiff having con-

2. —— satisfac-  veyed the land mortgaged to the defendant,
tion must be
express.  this is a defense to an action for the penalty.

His honor so held, because such a conveyance operated as an extinguishment and satisfaction of the plaintiff's mortgage of record. But a conveyance by a mortgagor to the mortgagee of the equity of redemption does not necessarily have the effect to satisfy and discharge the mortgage debt, and hence does not necessarily operate as a satisfaction of the mortgage of record. Whether it has such an effect depends upon the interest of the mortgagee and the intention of the parties. *Wickersham* v. *Reeves*, 1 Iowa, 413; *Wilhelmi* v. *Leonard*, 13 id. 330; *Lyon* v.

*McIlvane*, 24 id. 9; 1 Hilliard Mort. 480, 81, 84, and cases cited.

It thus appears, that it is not universally true that a conveyance by mortgagor to mortgagee operates as a satisfaction of the mortgage. And it should be remarked that the conveyance in question in this case does not contain any recital or statement that it was intended to discharge the mortgage.

For reasons derivable from the object of the statute as before expressed, we think the plaintiff was entitled to an *express satisfaction* of record, in addition to the presumptive one arising from the subsequent conveyance.

As to the mode of satisfaction, the statute says it must be entered on the margin of the record. This we think contemplates an express satisfaction.

If, instead of a satisfaction on the margin, the mortgagee should execute, properly acknowledge, and place of record a satisfaction-piece identifying the mortgage and declaring it to be satisfied, we need not deny that this would be a sufficient defense to an action for the penalty.

This would be an express satisfaction, and perhaps would answer fully the purpose of the statute. But that purpose is not answered by the mere recording of a subsequent deed from mortgagor to mortgagee, containing no allusion to the mortgage.

The judgment of the District Court is reversed, and the cause remanded, with directions to enter judgment on the finding of facts, for the plaintiff.

Reversed.