## Low ET AL. v. Fox.

1. **Practice in the Supreme Court:** ASSIGNMENT OF ERROR. An assignment of errors considered and held insufficient.

2. **Mortgage:** ASSIGNEE OF: FAILURE TO SATISFY OF RECORD. The assignee of a mortgage, by an assignment which does not appear of record, is not subject to the statutory penalty imposed on a mortgagee for a failure to enter a satisfaction of his mortgage upon the record when paid.

3. **Practice:** EFFECT OF GRANTING NEW TRIAL. The granting of a new trial operates to vacate the judgment rendered on the former trial, although it has been formally entered of record.

*Appeal from Madison Circuit Court.*

FRIDAY, JUNE 10.

ACTION upon an account. It is averred in the petition that the account originally accrued against defendant and in favor of Samuel Low, and that Samuel Low assigned the same to

E. H. Low, and that said account is now the property of the latter.

The defendant answered in denial of the claim made against him by the plaintiff, and by setting up an account against Samuel Low, and claiming judgment against him thereon.   He also, by way of counter claim, set up a claim against said E. H. Low for $25, based upon the following al-leged facts: That in the year 1879 one Hoadly executed a chattel mortgage to one Ratliff; and that afterwards said Rat-liff sold and assigned to E. H. Low the note which the chat-tel mortgage was given to secure; that defendant bought a part of the mortgaged property and assumed the payment of the note, and after paying the same demanded of E. H. Low that he should enter satisfaction of the mortgage, which he refused to do; and for such refusal the sum of $25 is claimed as a statutory penalty.

There was a trial by jury, which resulted in two verdicts— one in favor of the defendant and against E. H. Low for the statutory penalty of $25; and another in favor of the defendant and against Samuel Low for $37.28.   A motion for a new trial was made by the plaintiffs, which was sustained as to the verdict against E. H. Low, and overruled as to the verdict against Samuel Low.   All of the parties appeal.

*Polk & Seevers*, for plaintiffs.

*A. W. C. Weeks*, for defendant.

ROTHROCK, J.—I.   The judgment must be affirmed on the plaintiff's appeal, because of the insufficiency and inexplicit-ness of the assignment of errors.   The only at-tempt at an assignment of errors found in the record is as follows:

*1. PRACTICE in the su-preme court: assignment of errors.*

"1st.   Assignment of errors are that the court should have sustained in full the motion for new trial, and should have set aside both verdicts.

"2d.   The other errors assigned are set out at length in

numbers two, three, four, five, six and seven of grounds for new trial on pages 12 and 13 of record."

It is scarcely necessary to say this assignment of errors is too general to meet the requirements of the statute, as interpreted by repeated decisions of this court.

II. The next inquiry is, did the court err in granting a new trial as to the verdict for the statutory penalty? The Code,

2. MORTGAGE: assignee of; failure to satisfy of record.

section 3327, provides that "whenever the amount due on any mortgage is paid off, the mortgagee, or those legally acting for him, must acknowledge satisfaction thereof in the margin of the record of the mortgage, or by execution of an instrument in writing referring to the mortgage, and duly acknowledged and recorded. If he fails to do so within sixty days after being requested, he shall forfeit to the mortgagor the sum of twenty-five dollars." It will be observed that the liability for this penalty is against the mortgagee. E. H. Low was not the mortgagee. True, he was the assignee of the note secured by the mortgage, and it is undoubtedly correct that the assignment of the note operated as an assignment of the mortgage, so that he could enforce the mortgage for his benefit. But there being no written and recorded assignment of the mortgage to him his entry of satisfaction would have been improper, as tending to confusion in the record title to the property, by showing a release by a stranger to the instrument. Whether under the statute the assignee under a recorded assignment of a mortgage incurs the penalty by refusing to enter satisfaction we need not determine. We think that under the facts of the case the court was correct in granting a new trial as to the verdict under consideration, because under the undisputed facts the defendant could not recover.

It appears that a judgment had been formally entered on the verdict before the new trial was granted. It is urged

3. PRACTICE: effect of granting new trial.

that the granting of the new trial was erroneous, without setting aside the judgment. This objection goes rather to the form of the record than to

the substance of the case. The granting of a new trial *ex vi termini* was a vacation of the judgment entry. ·

Our conclusion is that upon both appeals the ruling of the court below should be .

AFFIRMED.