Perkins v. Matteson.

## F. M. PERKINS v. J. D. MATTESON.

MORTGAGE — *Satisfaction, not Recorded by Mortgagee — Penalty.* Where a negotiable promissory note is secured by a mortgage, and the debt is afterward assigned, but the assignment is not recorded, and the mortgagor has no notice of such assignment, and the debt is afterward fully paid and satisfied, but the mortgagee fails after demand, and within a reasonable time, to enter or cause to be entered satisfaction of record of the mortgage, *held*, that the mortgagee is liable to the mortgagor for the penalty prescribed by § 8 of the act relating to mortgages.

### *Error from Phillips District Court.*

THIS was an action brought in the district court of Phillips county by *J. D. Matteson*, under § 8 of the act relating to mortgages, against *F. M. Perkins*, to recover $100 for the alleged failure on the part of Perkins, on demand, to enter or cause to be entered of record the satisfaction of a certain mortgage, previously executed by Matteson and wife to Perkins, and recorded in the office of the register of deeds of Phillips county, and paid. At the March term, 1887, the case was tried before the court without a jury, and the court made the following findings of fact:

"1. On September 1, 1881, plaintiff and wife executed and delivered to defendant their negotiable promissory note, with coupons attached for $400, and to secure the same made the mortgage mentioned in the pleadings on land situated in Phillips county.

"2. On the 13th day of December, 1881, the defendant assigned the note and mortgage to Ebenezer Hunt, who continued to be the owner thereof until the same was paid by the plaintiff on July 22, 1886. All installments of interest, and the principal of said note were paid to the Western Farm Mortgage Company, of which defendant was president. The assignment was not recorded at the date of the commencement of this action, and plaintiff had no knowledge of said assignment but paid the various amounts due on such notes as though defendant was the owner thereof.

"3. On July 22, 1886, when plaintiff paid the principal and interest due on said note, he demanded of said defendant

a release of said mortgage, and again on September 23, 1886, and before bringing suit, demanded in writing that he release said mortgage of record, which demand defendant failed and neglected to do within a reasonable time after demand."

Upon these findings of fact and the pleadings and evidence in the case, the court below rendered judgment in favor of the plaintiff and against the defendant for $100 and interest, and costs of suit; and to reverse this judgment the defendant, as plaintiff in error, brings the case to this court.

*Pratt & Lewis,* for plaintiff in error; *Owen A. Bassett,* of counsel.

*G. A. Spaulding & Co.,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: We think the findings of fact made by the trial court in this case are sufficiently sustained by the evidence, although it may be that with respect to some of such findings, there may have been some slight evidence against them. The only substantial question in the case is simply whether the findings and the pleadings are sufficient to sustain the judgment. We think this question must be answered in the affirmative. The defendant, F. M. Perkins, was the mortgagee as well as the payee of the note, whatever may have been his real interest therein; and these notes and this mortgage were wholly paid and satisfied, and a demand made for the release of the mortgage, and all this long before this action was commenced. And during all this time, and at the time when this action was commenced and afterward, the records of Phillips county apparently showed that the defendant, Perkins, was the owner and holder of the notes and mortgage, and the plaintiff, Matteson, had no knowledge of anything to the contrary, or at most he had no knowledge that the notes and mortgage had ever been assigned or transferred to Hunt. Section 8 of the act relating to mortgages, and the one under which this action was commenced, reads as follows:

"SEC. 8. When any mortgage of real property shall have been satisfied, it shall be the duty of the mortgagee or his as-

signee immediately on demand of the mortgagor to enter satisfaction, or cause satisfaction of such mortgage to be entered of record; and any mortgagee, or assignee of such mortgagee, who shall neglect or refuse to enter satisfaction of such mortgage, as is provided by this act, shall be liable in damages to such mortgagor or his grantee or heirs in the sum of $100, to be recovered in a civil action before any court of competent jurisdiction."

The authorities cited by counsel on both sides, and supposed to have some application to this case, are as follows; *Kurtz v. Sponable,* 6 Kas. 395; *Swenson v. Plow Co.* 14 id. 387; *Burhans v. Hutcheson,* 25 id. 625; *Lewis v. Kirk,* 28 id. 497; *Thomas v. Reynolds,* 29 id. 304; Jones on Mortgages, §§ 791, 831, 956, 957, 988, 990.

We think the defendant is liable in this case, and he is liable because he failed to have the mortgage released of record within a reasonable time after the same had been paid and satisfied. Of course a mortgagee may, when he assigns or transfers his interest in the mortgage, so protect himself against future liability or responsibility for any failure on his part or on the part of others to release the mortgage of record when the same has been paid or satisfied, that he will never become liable or responsible for any such failure; and this he may do by simply executing, acknowledging and having recorded a proper assignment of the mortgage. But nothing of this kind was done in this case, nor was any notice of any kind given to the mortgagor of any change in the ownership of the notes or the mortgage, nor did the mortgagor receive any such notice from any source. The recording of an assignment in such a case would be a protection both to the mortgagee and to his assignee. It would protect the mortgagee from all liability for the penalty provided for in said § 8 in case of a failure by the proper person to release the mortgage of record when the same should be paid and satisfied; and it would protect the assignee from any unwarranted release of the mortgage by the mortgagee. Of course when a negotiable instrument, or *a debt of any kind,* is assigned, the assignment will *in equity* carry with it all securities. This has

always been the rule *in equity*. But this rule in equity has never been carried to the extent of doing injustice to parties, nor of overturning rights founded upon the registry laws, or the mortgage laws, or upon any other statutory laws. This case is governed more by the registry laws and the laws relating to mortgages than it is by any rule of either law or equity pertaining to negotiable instruments. A mortgage is an instrument affecting real estate. So also is the assignment of a mortgage. And both in legal contemplation must be in writing. (See Registry Laws; Mortgage Laws, Statute of Frauds and Perjuries, §§ 5, 6; Statute Relating to Trusts and Powers.) *In equity* it is sometimes unnecessary that either should be in writing; as for instance, an absolute deed is sometimes construed in equity to be a mortgage, and the assignment of a debt secured by a mortgage is generally in equity construed to be an assignment of the mortgage. But these equitable rules have no application in this case. This case is governed by positive statutes. Under the registry laws all instruments affecting real estate may be recorded. (Registry Laws, § 19.) And under the registry laws any *unrecorded* instrument affecting real estate is void except between the parties and those having actual notice. (Registry Laws, § 21; Comp. Laws of 1885, ch. 22, § 21.)

The judgment of the court will be affirmed.

All the Justices concurring.