CHAS. KENNEDY v. J. J. MOORE *et al.*, Appellants.

Tender in Payment of Negotiable Paper: ORALLY ASSIGNED. Where a note and mortgage are payable to A, but in the possession of B, who claims to own them by oral assignment, and A warns the makers not to pay to B, an offer of the sum due to B upon condition that a written assignment by or release from A be furnished, is a good tender which should be permitted to be pleaded and proven though Code 4563 attaches a penalty to the refusal of a mortgagee or those legally acting for him to satisfy his mortgage.

Making Payee a Party. Said original payee should have been made an additional defendant on payor's motion.

Pleading. The statement of the foregoing facts well pleads that the original payee had an interest in the controversy and that he was making a contest which payors had the right to have settled before paying.

Waiver: PRACTICE. Cross-examining on whether or not there was a written assignment, a fact negatived by both petition and answer, did not waive the error in a ruling striking out said pleas and declining to make the original payee a party defendant.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

TUESDAY, MAY 15, 1894.

ACTION in equity for judgment on a promissory note, and decree foreclosing a mortgage on real estate

to secure same. Decree was entered as prayed, from which defendants appeal.—*Reversed.*

*Ira T. Martin* for appellants.

*Struble Bros. & Hart* for appellee.

GIVEN, J.—I. Plaintiff asks to recover upon a note and mortgage executed by defendants J. J. and Lucy J. Moore to George W. Severance, which note is payable to order, and which plaintiff alleges was orally transferred to him for value by said Severance, and that he is the owner thereof. Defendants answer, admitting the execution of the note and mortgage, and for want of knowledge or information deny that said note and mortgage are the property of the plaintiff. In the fourth paragraph they allege that they were notified by Isaac Struble that he, as attorney for plaintiff, held said note and mortgage; that there was then due thereon one thousand, six hundred and eighteen dollars and seventy cents, and demanded payment thereof; that on said day, and before the commencement of this action, they tendered that amount to said Struble "and demanded of him the possession of said note and mortgage, and also demanded of him that he show his authority to collect and receive the amount due thereon, either by producing an assignment of the said note and mortgage from the said George W. Severance, or by producing and delivering to these defendants a release of said mortgage, duly executed by said Severance;" that said Struble offered to accept the money, and to deliver the note and mortgage, "but refused to produce either an assignment of the said note and mortgage from said Severance to said Kennedy or any other person, or to produce or deliver to these defendants a release of said mortgage executed by said Severance; and stated as his reason for refusing to produce the said assignment or deliver

the said release that the said Severance had refused to execute the said papers, or either of them." Defendants further allege in said fourth paragraph that prior to said demand George W. Severance had notified them that the plaintiff was not entitled to said note or mortgage, or to collect the amount due thereon, and that because of said notice they declined to pay said note unless assigned, or a release from Severance was delivered. In subsequent paragraphs defendants allege a readiness to pay said sum of one thousand, six hundred and eighteen dollars and seventy cents; "that, as these defendants have been informed and believe, the said George W. Severance claims to be the owner of said note and mortgage, or of some interest therein, and claims that the plaintiff in this action is not entitled to receive payment thereof, and the said Severance refuses to release the said mortgage of record,   *   *   *   or to authorize any other person to release the same."

For the reasons stated in their answer, defendants moved that Severance be made a defendant, which motion was overruled.    Plaintiff demurred to the fourth paragraph of the answer "on the ground that the same does not entitle the defendants to the relief demanded." This demurrer was sustained, "and the defendants elected to stand on their answer, and refused to plead further, and the court ordered that defendants be granted a certificate for appeal to the supreme court of Iowa, and then and there certified the following questions of law for the decision of the supreme court." The first question certified is whether, under the facts as alleged in the pleadings, the motion to make Severance a party should have been sustained.   The second question is, "Does the condition annexed to the tender as pleaded in said answer vitiate the tender, and leave the defendants liable to interest and costs in this action, in the same manner as though the tender had not been made?"

II. After defendants' motion was overruled, plaintiff's demurrer sustained, and the certificate granted, plaintiff proceeded to prove up his case by introducing the note and mortgage, and calling Mr. Rishel, who testified that they were delivered to him by Severance, for plaintiff, in an adjustment of some indebtedness from Severance to Kennedy. On cross-examination he answered that there was never any written assignment that he knew of. Appellee contends that by this cross-examination appellants waived any error that may have been committed in the rulings on the motion and demurrer, and therefore are not entitled to be heard in this court. After these rulings, the only issue remaining was as to plaintiff's ownership of the note and mortgage, and to establish his ownership, appellee called Mr. Rishel. Appellants did not examine as to that issue, but only as to a fact alleged in both the petition and answer, namely, that there was no written assignment. Whether appellants would have waived their exceptions by appearing and defending upon the issue of ownership, we need not determine, as it does not appear that they offered any defense on that issue, but rest their defense solely upon their tender. The ownership of the note and mortgage did not depend upon there being an assignment thereof in writing. The claim is that, in the absence of such an assignment, appellants were warranted in making their tender upon the conditions they did. We think appellants are entitled to be heard on the questions certified.

III. Plaintiff was demanding payment to him of a note payable "to the order of George W. Severance," and secured by mortgage, upon an alleged oral assignment thereof. Defendants offered to pay upon surrender of the note and mortgage if assigned in writing by Severance, or on delivery of a release of the mortgage from Severance. This plaintiff failed to furnish, for

the reason that Severance refused "to execute the said papers, or either of them." Severance had notified defendants that the plaintiff was not entitled to said note and mortgage, or to collect the amount due thereon. While it is not directly stated that Severance had any interest in the note and mortgage, the allegations can lead to no other conclusion. The note was payable to his order. He had made no written assignment. There is no pretense of any other assignment than the oral assignment from Severance to plaintiff, and Severance was denying plaintiff's right to the note and mortgage. Surely here is a plain contention between Severance and the plaintiff as to the ownership of the note which the defendants had a right to have determined. That Severance was claiming some interest in the note and mortgage is as apparent from the pleadings as if it had been stated in the most direct words. We think the motion of the defendants to make George W. Severance a defendant should have been sustained.

IV. The fourth paragraph of the answer alleges a tender, and the question raised by the demurrer is as to sufficiency of that tender as alleged. The law is that, to be valid, a tender must be without other condition than that the party to whom it is made will do that which it is his legal obligation to do. *Saunders v. Frost*, 5 Pick. 259; *Loughborough v. McNevin*, 14 Pac. Rep. (Cal.) 370, 15 Pac. Rep. 773; *Cass v. Higenbotam*, 100 N. Y. 248, 3 N. E. Rep. 189. In *Johnson v. Cranage*, 45 Mich. 14, 7 N. W. Rep. 188, the court says: "A tender may very properly be coupled with conditions such as the party has the right to make and is entitled to as resulting from a payment or tender legally made." The conditions upon which this tender was made were that Mr. Struble would deliver the note and mortgage to the defendants, and that he either produce an assignment thereof from

George W. Severance, or produce and deliver to the defendants a release of said mortgage, duly executed by said Severance. True, it is said that defendants demanded that Mr. Struble show his authority to collect and receive the money, not generally, but by producing the assignment or release. The tender was upon the conditions that Mr. Struble surrender the note and mortgage, and that he produce an assignment or release from Mr. Severance. This brings us to inquire whether these were conditions which the plaintiff was under legal obligation to perform, and to which defendants were entitled on making payment or tender. There is no question as to their right to a surrender of the note and mortgage, and the allegation is that Mr. Struble offered to accept the money and deliver the note and mortgage, but refused to produce an assignment or release from Severance. This note was payable to the order of George W. Severance. He had given no order in writing, by assignment or otherwise, for its payment to the plaintiff, but, on the contrary, had notified the defendants that the plaintiff was not entitled to said note and mortgage, or to collect the same. Until satisfied of record, the mortgage would stand as a cloud upon defendants' title to their land, even though the note were fully paid. It seems to us that, under these circumstances, the plaintiff was under legal obligation to procure either an assignment of the note or a release of the mortgage from Mr. Severance; and that defendants had the right to make their offer of payment upon condition that plaintiff show his right to receive the same by producing an assignment or release. Surely, the defendants should not be required to assume the hazards of disputes between the plaintiff and Severance, nor to assume that either of them would release the mortgage after payment. It is argued that defendants must rely on section 4563, McClain's Code, which requires that upon payment, the mortgagee, or

those legally acting for him, must satisfy the mortgage of record, under a penalty of twenty-five dollars. It may be true, as contended on the authority of *Low v. Fox*, 56 Iowa, 221, 9 N. W. Rep. 131, that Severance alone could release this mortgage. All the more reason, we think, why defendants had a right to demand as a condition of payment his assignment or release. They were not bound to take the hazards of any disputes between Severance and the plaintiff as to plaintiff's right to receive payment. We think the demurrer should have been overruled.

V. Appellee questions the sufficiency of the assignments of error. We have examined them in the light of the authorities cited, and conclude that they are sufficiently specific. Our conclusions are that the first question certified must be answered in the affirmative, and the second in the negative. REVERSED.