## JONES v. FIDELITY LOAN & TRUST CO.

1. The term "mortgagor," in the first clause of section 4365, Comp. Laws, is construed to include "his grantee or heirs."

2. Where a complaint in an action for the penalty and damages under the above section follows substantially the language of the statute, it is sufficient.

3. Where a note secured by mortgage upon property in this state is executed in this state, and the note is made payable in another state, but contains the stipulation, "it is agreed that this note is executed and is to be construed under the laws" of this state, it will be treated as not only made in, but payable in, this state in construing it, and determining the rights of the parties under the note and mortgage.

4. Where, in a certificate of discharge of a mortgage presented to a mortgagee to be executed, the acknowledgment is left blank, it will be presumed that, when properly signed by the mortgagee, the blank will be properly filled by the officer taking the acknowledgment, whose duty it is to fill up the blank in the same.

5. The mortgagee, upon receiving a mortgage, assumes the statutory and implied liability of discharging the same upon the full payment of the debt secured thereby; and he can only relieve himself from this liability by assigning such mortgage to an assignee who is not only vested with power to discharge such mortgage, but whose assignment is le-

gally recorded, in order that he may properly discharge the same of record, and who thereby becomes legally liable to the mortgagor in case he neglects or refuses to so discharge the same upon full payment. KELLAM, J., nonconcurring.

6. The penal laws of a state have no force beyond the boundaries of the state in which they exist.

7. A demand made in another state upon the mortgagee, and his refusal or neglect there to execute a discharge of the same, does not subject such mortgagee to the penalty provided by section 4365, Comp. Laws, but will render him liable for any damages the mortgagor, his grantee or heirs, may sustain by reason of such neglect or refusal to so discharge the same.

(Syllabus by the Court.   Opinion filed, May 25, 1895.)

Appeal from circuit court, Minnehaha county.   Hon. FRANK R. AIKENS, Judge.

Action to recover damages.   Judgment for plaintiff, and defendant appeals.   Modified and affirmed.

The facts are stated in the opinion.

*S. E. Hostetter* and *Bailey & Vorhees*, for appellant.

Where a mortgagee is not guilty of unreasonably refusing a discharge, the statutory penalty will not be enforced.   Huxford v. Eslon, 53 Mich. 179.

Every state possesses exclusive jurisdiction and sovereignty over persons and property within its territory, and no state can exercise direct jurisdiction and authority over persons or property without its territory.   Pennoyer v. Neff, 95 U. S. 714; D'Arcy v. Ketchum, 11 How. 165; St. Clair v. Cox, 106 U. S. 350; Latimer v. Railroad, 43 Mo. 76; Wilson v. St. Louis, 18 S. W. 286; Edwards v. Railroad, 1 C. B. 409; Railroad v. Railroad L. R. 2 C. P; Skrainka v. Allen, 76 Mo. 384; Howell v. Moglesdorf, 33 Kan. 194.

*J. W. Jones*, for respondent.

When the purchaser of mortgaged premises assumes and agrees to pay the mortgaged indebtedness, principal and interest, he assumes primary personal liability for the debt and occupies the place of and becomes in effect the mortgagor.   Dean v. Wal-

lar, 107 Ill. 540; Burr v. Beers, 24 N. Y. 178; Palmeter v. Carey, 63 Wis. 426. Whenever an act is done or a statement made by a party, which cannot be contradicted without fraud on his part and injury to others whose conduct has been influenced by the act or admission, an estopple will attach. Smith v. Newton, 38 Ill. 230; Sessions v. Rice, 70 Ia. 306; Frost v. Insurance, 5 Denio, 154.

The mortgagee is liable to the penalty for not entering satisfaction of a mortgage, the assignment of which was not recorded. Perkins v. Matteson, 40 Kan. 165; Law v. Fox, 56 Ia. 221.

CORSON, P. J. This was as action brought by the plaintiff to recover from the defendant $50 actual damages and $200 penalty for its refusal to give certificate of discharge of two mortgages, under the provisions of section 4365, Comp. Laws. A trial was had before a jury, resulting in a verdict and judgment for the plaintiff for $25 damages and $200 penalty, and the defendant appeals.

The facts in this case, briefly stated are as follows: On April 1, 1887, Leonard F. Davis and wife and the plaintiff, Jones, and wife executed a note and mortgage to the defendant for $1,500, payable in five years from date. At the same time Davis and wife executed a note, secured by a mortgage, to the defendant, on other real property, for $2,500, also payable in five years from date. In 1887, soon after the mortgages were given, the said Davis and wife conveyed their interest in the property included in the two mortgages to the plaintiff, Jones. In the deed from Davis and wife of the premises included in the $2,500 mortgage, were a warranty and an assumption clause as follows: "That the same [premises] are free from all incumbrances except one certain mortgage for $2,500, due April 1, 1892, given to the Fidelity Loan and Trust Company, and bearing interest at the rate of 9 per cent. per annum, payable semi-annually, which mortgage and interest is to be paid by the said grantee, Joseph W. Jones." On the 1st day of April, 1892, the date of the maturity of said notes and mortgages, the plaintiff forwarded to the defendant, at Sioux City, Iowa, a

draft for $4,180.10, being the total amount due upon both of said notes and mortgages, and requested it to return a certificate of discharge of said mortgages. Not receiving any certificate of discharge, the plaintiff, on the 11th day of the same month, forwarded a blank certificate of discharge to the defendant at Sioux City, together with 50 cents fees for acknowledging the same, and demanded the execution of such certificate. The defendant neglected to comply with the demand until about May 30th, when it executed and forwarded to the plaintiff the required certificate. About the same time the plaintiff instituted this action. The appellant seeks a reversal of the judgment upon several grounds, which will be noticed in their order.

1. The first proposition of the learned counsel for appellant is stated by them in their brief as follows: "Respondent, not being the mortgagor in either of the mortgages set forth in the complaint, was not entitled to demand certificates of discharge thereof, and cannot demand the statutory penalty for a refusal or neglect to execute such discharges in accordance with his demand." This proposition assumes as a fact what is not strictly correct, namely, that the plaintiff was not a mortgagor. The record discloses the fact that the plaintiff was a co-mortgagor in the $1,500 mortgage. The section of the statute under which this action was brought reads as follows: "When any mortgage has been satisfied, the mortgagee or his assignee must, immediately on demand of the morgtagor, execute and deliver to him a certificate of the discharge thereof, and must, at the expenses of the mortgagor, acknowledge the execution thereof so as to entitle it to be recorded, or he must enter satisfaction, or cause satisfaction of such mortgage to be entered of record; and any mortgagee, or assignee of such mortgage, who refuses to execute and deliver to the mortgagor the certificate of discharge, and to acknowledge the execution thereof, or to enter satisfaction or cause satisfaction to be entered of the mortgage, as provided in this chapter, is liable to the mortgagor or his grantee or heirs for all damages which he or they may sustain by reason of such refusal, and also forfeit to him or them the

sum of one hundred dollars." Comp. Laws, § 4365. It will be observed that by the terms of the section the mortgagee or his assignee is required to execute and deliver to the mortgagor a certificate, etc. The plaintiff, as mortgagor in that mortgage, was authorized by the terms of the section to make the demand for the certificate of discharge. The plaintiff had become invested with the title of his co-mortgagor, and was therefore sole owner of the property, subject to the lien of the defendants mortgage. The plaintiff, so far as the $1,500 mortgage was involved, was the proper party to make the demand under the statute. But, had the plaintiff not become the owner of his co-mortgagor's interest, he could, having paid off the mortgage, have demanded the certificate of discharge without joining with him his co-mortgagor. The relations of the plaintiff to the $2,500 mortgage was not that of a mortgagor, and he does not, therefore, come within the strict letter of the first clause of the section. We cannot agree with the counsel for respondent that the section under consideration is a remedial one, but, in our opinion, it is in its nature penal, in so far as it provides for a fixed penalty. 2 Jones, Mortg. Sec. 990; Suth. St. Const. § 358; Kirby v. Telegraph Co. (S. D.) 57 N. W. 202; Stone v. Lannon, 6 Wis. 497; Thomas v. Reynolds, 29 Kan. 304. but, though penal in its nature, it must nevertheless receive a reasonable construction, and such as will render harmonious its various provisions. It will be noticed that the last clause of the section provides that upon a request or refusal to deliver to the mortgagor the certificate of discharge, "the mortgagee or his assignee is liable to the mortgagor or his grantee or heir for all damages which he or they may sustain, * * * and also forfeit to him or them the sum of one hundred dollars." One of the cardinal rules of construction of statutes requires the court to ascertain, if possible, from the language used, the intention of the lawmaking power. "The intent is the vital point, the essence of the law." Suth. St. Const. 234. And for the purpose of ascertaining that intention the court may take into consideration all the provisions of the act or section. "When the intention can be

collected from the statute, words may be modified, altered, or sup-
plied, so as to obviate any repugnancy or inconsistency with such
intent." Suth. St. Const. 218. Thus in Needham v. Railroad Co.,
38 Vt. 300, the court supplied the word "by" in a section so as to
make it read "by or against" executors, administrators, etc., the
court being of the opinion that such was the intention of the leg-
islature. And in Silver v. Ladd, 7 Wall. 219, the supreme court
of the United States held that the term "single man" included in
its meaning an "unmarried woman," as such was the evident in-
tention of the lawmaking power, and the court, in effect, inserted
those words in the statute. Lawrence Co. v. Meade Co. (S. D.)
62 N. W. 131.

    Reading the two clauses of the section under consideration
together, it seems clear to us that it was intended that the demand
might be made by the mortgagor or his grantee or heir; or, in
other words, by the party who is in fact the owner of the land at
the time the demand is made. To hold that the mortgagor alone
can make the demand, and yet the damages and penalty, after the
demand is made, can be recovered by the grantee or heir, would
require us to give an absurd construction to the section. In case
of the death of the mortgagor, or his absence from the country,
no demand could be made if the construction contended for should
be given to the section. The object of the section evidently is,
not only to protect the credit of the mortgagor, but to protect the
title to the land, and enable the owner to remove all clouds from
the title. There would be no propriety in giving the damages and
penalty to the grantee if it was purely a personal right of the
mortgagor, and was not a right running with the land. Reading
all the clauses of the section together, we are satisfied that the
term "mortgagor" in the first clause includes "grantee or heirs,"
and that it was the intention of the legislature that the term
"mortgagor" should be so understood, as is fully evidenced by the
last clause of the section.

    Counsel for appellant relies upon Deeter v. Crossley, 26 Iowa,
180, but the court in that case was construing a section entirely

different from ours, in that it made no provision for the recovery of the damages or penalty by the "grantee or heir," but limits the recovery to the mortgagor only. The section of the statute under consideration was evidently taken, not from the statute of Iowa, but from that of Kansas, or from some state having a similar statute. In Thomas v. Reynolds, 29 Kan. 304, the supreme court of Kansas reviewed the case of Deeter v. Crossley, *supra*, and calls attention to the distinction between the language of the two statutes. We are of the opinion, therefore, that as the "grantee or heir" is authorized to recover the damages and penalty for a failure to discharge the mortgage, it necessarily follows that the "grantee or heir" may make the necessaay demand as a foundation for the action. The plaintiff, therefore, upon payment of the amount due, was entitled to a certificate of discharge of both mortgages, and his demand for such discharge was sufficient to entitle him to recover the damages and penalty under the statute.

2. Counsel for appellant state their second proposition as follows: "The allegations in the complaint are insufficient, in that it is nowhere alleged that appellant did not, within a reasonable time after demand being made therefor, execute certificates of discharge of the mortgages set forth in the complaint." We are unable to agree with the counsel in this proposition, as the plaintiff seems to have stated his cause of action quite fully, and in the language of the statute. The complaint, in this respect, seems to be a clear and sufficient statement of the facts. The claim of appellant that the complaint should have stated that the certificate was not made within a reasonable time is not tenable. The complaint states when the demand was made, and when the certificate was in fact delivered, thus placing in possession of the court and jury all the facts; and states that defendant did not immediately furnish the certificate. The answer sets up fully that the certificate was made within a reasonable time, and the court left that question to the jury, under proper instructions, to which no exceptions were taken. Evidence having been given upon this question, and the jury having been fully instructed upon it, their

verdict cures any defect in the complaint, if there was any.   The
question in this case was a proper one for the jury to settle by
their verdict upon the facts proven in the case.   The law in this
.class of cases is very clearly stated by the supreme court of Con-
netticut.   In Lockwood v. Assurance Co., 47 Conn. 568, the court
says: "It is evident from all the authorities that the words "forth-
with" and "immediately" are not to receive a literal construction.
Some time must necessarily be given.   Some cases require more time,
some less.   To undertake to say as matter of law what shall and what
shall not be regarded as reasonable time must necessarily be attended
with great difficulty.   Extreme cases either way may easily be de-
termined.   Between them there is a wide belt of debatable ground,
and cases falling within it are governed so much by the peculiar
circumstances of each case that it is much better to determine the
matter as a question of fact.   The court in the present case very
properly submitted it to the jury, and we cannot say that the ver-
dict was wrong.   *   *   *   Whether the time taken was reason-
able or unreasonable was a question peculiarly within the province
of the jury to determine."   As to construction given to the term
"immediately," see, also, Trask v. Insurance Co., 29 Pa. St. 198;
Edwards v. Insurance Co., 75 Pa. St. 378; Assurance Co. v. Bur-
well, 44 Ind. 460; New York Cent. Ins. Co. v. National Protection
Ins. Co., 20 Barb. 468; Huff v. Babbott, 14 Neb. 150, 15 N. W.
230, Hepler v. State, 43 Wis. 479.

3.   The third proposition of appellant's counsel is stated as
follows:   "The contract, being by its terms one to be performed
in the state of Iowa, must be governed by the laws of Iowa, and
not by the laws of South Dakota."   The notes and mortgages were
made in Dakota, and the notes were made payable to "Fidelity
Loan and Trust Company, at their office in Storm Lake, Iowa."
But in the same note is the following provision:   "It is agreed
that this note is executed under, and is to be construed by, the
laws of Dakota."   Assuming that it was competent for the parties
to make such an agreement, this stipulation seems to be an answer
to the appellant's proposition.

4.   Appellant's fourth proposition is as follows: "No obligation rested upon appellant to execute and deliver certificates of satisfaction until such certificates had been presented to it by respondent." The only objection taken to the certificate of discharge the defendant was requested to execute is that in the acknowledgment the corporation is not mentioned, the blank for the acknowledgment being such as is usually filled up for a natural person. The filling of this blank, however, is the ordinary duty of the notary, and we ·may presume that, had the certificate been signed properly by the defendant, the notary would have made out the proper certificate, which, as such notary, he would have been required to make.

5.   Appellant's fifth proposition is as follows: "It appears from the evidence that the mortgage in controversy had been assigned by appellant before the date of the alleged demands for certificates of satisfaction thereof, and the demand should consequently have been made of the assignee of the mortgage, and not of appellant." In answer to this proposition it is proper to state that no assignment had been recorded, and therefore, so far as disclosed by the record, the defendant was the proper party to make the certificate; and it appeared from the evidence of the plaintiff that he had never been informed of such assignment, and had paid all interest and principal due on the notes to the defendant, without any knowledge of such assignment. The mortgagee, upon receiving a mortgage, assumes the statutory and implied liability of discharging the same upon full payment of the debt secured thereby; and he can only relieve himself from this liability by assigning such mortgage to an assignee who is not only vested with power to discharge such mortgage, but whose assignment is legally recorded, in order that he may properly discharge the same of record, and who thereby becomes legally liable to the mortgagor in case he neglects or refuses to so discharge the same upon full payment. This the mortgagee can only do by delivering to the assignee a properly acknowledged assignment, which shall be duly recorded, for until such assignment is recorded the mortgagee is

the only party that can properly discharge the mortgage of record. A discharge executed by an assignee until his assignment is recorded would be unavailing as a discharge of the mortgage, and still leave the mortgage an apparently subsisting lien upon the property, so far as disclosed by the record. If, therefore, the mortgagee desires to relieve himself of his liability, fixed by statute, and assumed by taking the mortgage, to the mortgagor, it becomes his duty to see that not only a properly executed and acknowledged assignment is delivered, but he must also see that it is properly recorded, in order that the assignee may not only be vested with full power to properly discharge the mortgage, but becomes legally liable to the mortgagor to do so upon payment of the amount due. Until this is done, the legal liability of the mortgagee continues, and he is subject to the penalty prescribed by the statute. If this were not so, the mortgagor would be without remedy, as the assignee, however willing to discharge the mortgage, might by reason of the loss or destruction of his assignment, which had not been recorded, be unable to discharge it of record, and the mortgage would remain a cloud upon the mortgagor's title until barred by the statute of limitations. It may be said the mortgagee does not possess the legal or moral right to discharge the mortgage after he has transferred it to another. He may not have that right until the mortgage shall have been fully paid, and he has the consent of the assignee to discharge it; but when, by his own neglect, or that of his assignee, the assignment is not recorded, he must, at his peril, see that the mortgage, upon payment, is properly discharged. Perkins v. Matteson, 40 Kan. 165, 19 Pac 633; Low v. Fox, 56 Iowa, 221, 9 N. W. 131. In the former case, which was very similar in its facts to the case at bar, the court says: "The defendant, F. M. Perkins, was the mortgagee, as well as the payee of the notes, whatever may have been his real interest therein; and these notes and this mortgage were wholly paid and satisfied, and the demand made for the release of the mortgage, and all this long before this action was commenced. And during all this time, and at the time when this action was

commenced and afterwards, the records of Phillips county apparently showed that the defendant, Perkins, was the owner and holder of the notes and mortgage, and the plaintiff, Matteson, had no knowledge of anything to the contrary, or at most he had no knowledge that the notes and mortgage had ever been assigned or transferred to Hunt. * * * We think the defendant is liable in this case, and he is liable because he failed to have the mortgage released of record within a reasonable time after the same had been paid and satisfied. Of course, a mortgagee may, when he assigns or transfers his interest in the mortgage, so protect himself against future liability or responsibility for any failure on his part or on the part of others to release the mortgage of record when the same has been paid or satisfied, that he will never become liable or responsible for any such failure; and this he may do by simply executing, acknowledging, and having recorded a proper assignment of the mortgage. But nothing of this kind was done in this case, nor was any notice of any kind given to the mortgagor of any change in the ownership of the notes or the mortgage, nor did the mortgagor receive any such notice from any source."

6. The appellant's sixth proposition is stated by counsel as follows: "The purported demand having been made by a letter written by respondent at Sioux Falls, South Dakota, and mailed to appellant and received by it at Sioux City, Iowa, is not a sufficient demand under the statute, for the reason that no extra territorial force can be given to the penal laws of the state of South Dakota." There is great force in this proposition. It seems to be well settled that the penal laws of a state have no force beyond the boundaries of the state in which they exist. Scoville v. Canfield, 14 Johns. 338; Story, Const. Law, § 621; Flash v. Conn. 109 U. S. 376, 3 Sup. Ct. 263; Coal Co. v. Kilderhouse, 87 N. Y. 430; Henry v. Sargent, 13 N. H. 321; Wisconsin v. Pelican Ins. Co., 127 U. S. 290, 8 Sup. Ct. 1370; Attrill v. Huntington, 70 Md. 198, 16 Atl. 651. That no action under the statute can be maintained until there has been a demand and refusal, seems to be settled by

authority. Hall v. Hurd, 40 Kan. 740, 21 Pac. 585; 2 Jones, Mortg. § 990; Deeter v. Crossley, 26 Iowa, 180. It appears from the record in this case that the only demand made upon the defendant was made at Sioux City, in the state of Iowa. The refusal of the defendant was, therefore, made at said Sioux City, and not in this state. Did the defendant by that act incur the penalty provided by our statute? We think not. To hold that it did would require us to hold that the penal laws of this state are binding upon residents of the state of Iowa while within that state, when an act is done in violation of the statute law of this state. We cannot so hold.

It is contended by counsel for respondent that the mortgage contract was made in this state, upon property within the state. This is true, but it in no manner aids the respondent. What he is seeking to recover is a penalty imposed by the statute as a punishment for the refusal to give a certificate of discharge of the mortgage. The place where the contract of mortgage was made is not material. If the demand had been made in this state upon the defendant, and it had refused to make the certificate, it would have been liable, without regard to where the mortgage was executed, as it would have subjected itself to the penalty by the terms of the statute in this state. But the statute is purely local, and limited to the sovereignty and domain of the state.

Our conclusions are that the demand made in Sioux City, without the limits of this state, cannot be made the foundation of an action under the statutes in this state for the penalty imposed by the statute. A failure, therefore, on the part of the defendant, a citizen of Iowa, to comply with the demand, did not render it liable to the penalty prescribed by the statute of this state. The damages recovered, however, do not come within the rule. They are not imposed as a penalty, but to remunerate the party for the loss actually sustained by reason of the defendant's neglect to perform the duty imposed. So far, therefore, as damages are given by this judgment, we are of the opinion that the judgment is proper, and the plaintiff was entitled to recover the same. As to

these it was immaterial where the demand was made, and the fact that it was made in Iowa is no defense to the recovery. The judgment must therefore be modified by striking out the penalty of $200, and, as thus modified, it is affirmed, the parties, respectively, to pay their own costs of this appeal.

KELLAM, J.   While not actively dissenting from the conclusion of the court, I am not sufficiently persuaded that it is right to be willing to concur, and particularly as to appellant's fifth proposition.  A mortgagee who has parted with all his interest in the debt and the mortgage securing it has no moral or legal right by virtue of his former connection with it to discharge the same, even though he may be satisfied that it has been paid.  He may have no relation whatever with, or knowledge of, the present owner and holder; and it does not seem right to me to so construe the law, if there is reasonable escape from it, as to require him, under a severe penalty, to do a thing which he has no right to do. It appears from the language quoted in the foregoing opinion, the Kansas court suggests that the mortgagee may protect himself from liability for such penalty by insisting upon making and recording a written assignment when he sells the mortgage.  This would often be impracticable.  The assignment does not become operative until delivered, and after delivery the assigning mortgagee would have no control over it.  It would seem to be more logical to put the duty of releasing the mortgage upon him who owns it, and receives the payment of it.  Such a ruling would accomplish the desirable end of a recorded assignment in every case of a transfer, for thus only could the assignee put himself in position to properly discharge a mortgage when he has received full payment for it.  He would take and record an assignment so that he might disharge when paid, knowing that not to do so would leave him without power to make a good discharge of record, and thus expose himself to the penalty.  I think this would put the duty of discharging the mortgage where it properly belongs.