## TOWN OF DELL RAPIDS v. IRVING.

Comp. Laws, § 1324, provides that one aggrieved by any determination or award of damages made by supervisors in the laying out of a highway may appeal to a justice of the peace, "provided the amount of damages allowed him in such appeal does not exceed $100." Sec. 1327 provides, "in case the amount of damages claimed exceed $100," appeal may be to the circuit court. *Held*, that the word "allowed," in Sec. 1324 should be read "claimed," and that, though the supervisors allowed one nothing, he could appeal from their order to the circuit court, where he claimed in his notice of appeal more than $100.

(Opinion Filed Aug. 27, 1896.)

Appeal from circuit court, Minnehaha county. Hon J. W. JONES, Judge.

Proceedings by the town of Dell Rapids against Margaret Irving, to establish a highway. Defendant had judgment for damages, and from such judgment and an order refusing a new trial, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*C. S. Palmer*, for appellant.

In all cases where the damages awarded are less than $100, the only appellate forum is the justice court and jury.   § 1324, Comp. Laws.   See, also, Town of Dell Rapids v. Irving, 7 S. D. 310, 64 N. W. 149.

*R. W. Hobart* and *Aikens, Bailey & Voorhees*, for respondent.

Sec. 1327, Comp. Laws, governs and controls this case. Sec. 1324, Id. was absolutely void when passed and approved. Congress reserved to itself the sole and exclusive authority to provide tribunals for the exercise of judicial functions in territories.   Terris v. Higley, 20 Wall. 375.   Even though the section were in force when the state was admitted, it was obnoxious to the constitution, Sec. 1, Art. 5.

CORSON, P. J.   This is an appeal from a judgment awarding damages to the defendant as the owner of land over which a highway was laid out by the town supervisors of the town of Dell Rapids.   The case was before this court on appeal at a former term, and is reported in 64 N. W. 149.   On the second trial the counsel for the plaintiff moved the court to dismiss the appeal for the reason that the court had no jurisdiction of the same.   The motion was overruled, and the plaintiff excepted. After the plaintiff had introduced in evidence the proceedings in laying out the highway and awarding damages, the motion was renewed, again overruled, and exception taken.

The question of jurisdiction is the only one discussed in the briefs of counsel, and is the only one we shall consider on this appeal.   No question is raised as to the regularity of the proceedings of the board in laying out the highway.   The town supervisors, in their order establishing the road, state that, as to the lands owned by Margaret Irving, ''we estimate that the advantages and benefits said road will confer on them are equal to all damages sustained by them.''   From this order the said defendant appealed to the circuit court, and in the notice of ap-

peal she states the grounds of her appeal are to recover $300 damages to her said land by reason of the laying out of said road, instead of no damages, as awarded in said order.    The appellant contends that, as no damages were awarded, the defendant was only authorized to appeal to a justice of the peace, as provided by Sec. 1324, Comp. Laws, and that, as the appeal was taken to the circuit court, that court was without jurisdiction over the subject matter, and hence should have dismissed the appeal.    Sec. 1324 reads as follows:  "Any person who shall feel himself aggrieved by any determination or award of damages made by the supervisors  *  *  *  may within thirty days  *  *  *  appeal therefrom to a justice of the peace of the county for a jury to hear and determine such appeal; provided the amount of damages allowed in such appeal does not exceed one hundred dollars."    The two following sections prescribe the manner of proceeding before the justice, and for filing the return, etc.    Sec. 1327 provides that, "in case the amount of damages claimed exceed one hundred dollars, appeal may be taken within thirty days to the circuit court of the county." It will be observed that by the former section the appeal may be taken to the justice, provided the amount of damages allowed in such appeal does not exceed $100, while by the latter section it is provided an appeal may be taken to the circuit court in case the amount of damages claimed exceed $100.    It is contended by the respondent that as the defendant, in her notice of appeal, claimed $300, as damages, she had the right to appeal to the circuit court, and that the appeal was properly taken to that court.

It is somewhat difficult to determine what the real intention of the law making power was in the adoption of the proviso to Sec. 1324 from that section alone.    In the proceedings for laying out highways and awarding damages by the supervisors, no method is prescribed for claiming damages by the land owner over whose land the highway is laid out.    It is provided by Sec. 1302, before referred to, that "damages sustained by

reason of laying out   *   *   *   any road, may be ascertained   *   *   *   in the manner hereinafter prescribed.   *   *   *   The supervisors, in their award of damages, shall specify the amount of damages awarded by them to all such owner or owners, giving a brief description of such parcel of land in their award.   *   *   *   The supervisors in all cases of assessing damages shall estimate the advantages and benefits the new road or alteration of an old one will confer on the claimant for the same, as well as the disadvantages." It will be observed that no formal claim for damages by the landowner is provided for. If an agreement cannot be arrived at by the owner and supervisors, then the supervisors shall award such damages as they may deem proper, subject to the right of appeal by the owner. When an agreement as to the amount of the damages is entered into, this is required to be reported by the supervisors; but, when none is entered into, no record of any particular claim seems to be required. It would seem, therefore, that the only method the owner has of making known his claim to the court is by his notice of appeal, in which he states the amount of his claim. Without substituting some other word for "allowed," the proviso to Sec. 1324, that "the amount of damages allowed in such appeal does not exceed one hundred dollars," seems to be meaningless. "Allowed in such appeal" by whom or how? But taking all the sections of the statute together, it seems quite clear the term "allowed" was intended to mean "claimed," in the sense that term is used in Sec. 1327. The appellant contends that the term "allowed in the appeal" means allowed by the board of supervisors. But to give that term this meaning we would be required to go much further than we would be required to go in holding that "allowed" means "claimed." In giving this term the latter construction, we are sustained by the clear intention of the legislature, as expressed in Sec. 1327. But, to give it the former, we would be required to disregard the words "in the appeal" and interpolate the words "by the supervisors," so that the proviso would read

"provided the amount of damages allowed by the supervisors does not exceed one hundred dollars." We are of the opinion therefore, that Secs. 1324 and 1327, construed together, clearly authorize this court to hold that the legislature intended that, when the damages claimed in the notice of appeal do not exceed $100, the appeal should be to a justice, and when they exceed $100 it should be to the circuit court. Lawrence Co. v. Meade Co. (S. D.) 62 N. W. 131; Jones v. Trust Co. (S. D.) 63 N. W. 553. This is in harmony with the general theory of the jurisdiction of the justice of the peace and circuit courts in this state, and manifestly carries out the intention of the lawmaking power, as is apparent from the two sections taken together. But counsel for appellant say this would place it in the power of landowners to say to what court the appeal should be taken. Undoubtedly it would, but there is no more danger in giving to the owner such a privilege than there would be in placing it in the power of the supervisors, by making a small award, to force the landowner into the justice court. The landowner, in taking an appeal, would not possess any greater privileges than any plaintiff now enjoys—that of commencing his action in the circuit court, which he can do by claiming in his complaint an amount exceeding $100, subject, of course, to the risk of being mulcted in costs if he recovers less than $50. In the case at bar the respondent assumed the risk, in case she recovered no more than was allowed her by the supervisers, of being mulcted in all the costs of the case, liable to be much greater in the circuit court than in a justice court. Comp. Laws, §§ 1325, 1328. We are of the opinion that the court ruled correctly in denying plaintiff's motion, and the judgment of the court below is affirmed.